IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-492-FL

| | |
|---|---|
| VINCENT PUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| SAFE HOME SECURITY, INC., ) | |
| ) | |
| Defendant. ) | |

This pro se case, filed 26 September 2017, is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiff Vincent Pugh ("plaintiff"), and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). In his application, plaintiff indicates that he has a monthly income of $5,487.00. He reports monthly expenses of $3,543.00 and alleges ownership of a home with a value of $250,000.00. Based on the difference between his monthly income and monthly expenses, and the stated value of his home, the court finds that plaintiff has not adequately demonstrated the inability to pay the required court costs. Accordingly, it is RECOMMENDED that plaintiff's application be DENIED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on plaintiff or, if represented, his counsel. Plaintiff shall have until 28 December 2017 to file written objections to this Memorandum and Recommendation. The presiding District Judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g,* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.[1]

**If a party does not file written objections by the foregoing deadline, 28 December 2017, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding District Judge as described above, and the presiding District Judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding District Judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

SO ORDERED, this 14th day of December 2017.

James E. Gates
United States Magistrate Judge

---

[1] *See also* Local Civil Rule 3.2 (E.D.N.C.). Subject to modification by order of the court, this rule provides:

> In all civil actions in which the court denies the plaintiff's [application] to proceed *in forma pauperis*, the plaintiff shall be allowed 30 days to pay the requisite filing fee. If the plaintiff fails to pay the filing fee, the clerk shall re-designate the action as a miscellaneous case and close the matter without further order from the court.

Local Civ. R. 3.2.